IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16–cr-30005-SMY |
| | ) |
| | ) |
| DEMEROUS FOXWORTH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Demerous Foxworth's *pro se* Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 51). CJA panel Counsel entered an appearance on Foxworth's behalf and filed a Supplemental Motion for Compassionate Release (Doc. 58). The Government has responded in opposition (Doc. 60). For the following reasons, the Motion and Supplemental Motion are **DENIED**.

### Background

Between October 2012 and October 2015, Foxworth participated in the prostitution of both adult females and a minor female. In furtherance of this scheme, he posted advertisements of the females on the "St. Louis Escorts" section of "Backpage.com" (Doc. 60). On January 21, 2016, Foxworth was charged with commercial sex trafficking of a minor (Count 1) and use of a facility of interstate commerce to promote an unlawful activity (Count 2) (Doc. 60). On April 15, 2016, Foxworth pled guilty pursuant to a written plea agreement in which provided in relevant part:

> [I]n exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law (Doc. 60, p. 6) (emphasis original).

Foxworth's calculated advisory Guidelines range was 135-168 months based on an offense level of 33 and a criminal history category of I (Doc. 60). Pursuant to the plea agreement, the Government recommended a sentence on the low end of the Guidelines range. On July 22, 2016, Foxworth was sentenced to 135 months imprisonment followed by 10 years of supervised release, a $500 fine and a $200 special assessment. Foxworth is currently incarcerated at Oklahoma City FTC; his expected release date is July 1, 2022.

## Discussion

COVID-19 is a dangerous disease that has killed hundreds of thousands of people in the United States and millions worldwide. Although children and adults of all ages are susceptible to the virus, it most adversely affects older adults and others with underlying medical conditions. Basics of Covid-19, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/your-health/about-covid-19/basics-covid-19.html (last visited June 9, 2021). Foxworth asserts that he belongs to this class of individuals because he is African American and has a history of asthma and anxiety (Doc. 60).

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted all administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. Here, there is no dispute with respect to the exhaustion of administrative remedies.

The Government first argues that the Court cannot grant Foxworth's request for compassionate release because his plea agreement forecloses him from seeking relief under 18 U.S.C. § 3582 (Doc. 60). However, the Seventh Circuit recently distinguished the Government's argument in, *United States v. Bridgewater*, 995 F.3d 591 (2021), in which the defendant was also seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and signed a similar written plea agreement which provided in relevant part:

> Defendant knowingly and voluntarily waives the right to **seek modification of or contest any aspect of the conviction or sentence** in any type of proceeding. *Bridgewater* 995 F.3d at 593.

The Seventh Circuit noted that compassionate release is a form of sentence modification and motions to modify demonstrate a "fundamentally different character than an appeal or collateral attack." *Bridgewater*, 995 F.3d at 595.

Foxworth's pleas agreement does not contain the "modification" language cited above and only refers to the waiver of appeal and collateral attack rights. As such, Foxworth's plea agreement waiver does not include his right to seek a sentence modification, including compassionate release. The Court will therefore consider his motion on the merits.

The Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Only after finding an extraordinary and compelling reason for release does the Court need to consider applicable § 3553(a) sentencing factors. *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021).

Foxworth's 2021 medical records confirm that he has asthma. According to the CDC, moderate to severe asthma can make an individual vulnerable to severe illness from COVID-19.

*See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited June 18, 2021). Foxworth's medical records indicate that Foxworth does not suffer from moderate or severe asthma. He is not required to use an inhaler daily, but as need. Most significantly, Foxworth has refused the Covid-19 vaccine. It stands to reason that a prisoner who remains at risk because they declined to be vaccinated cannot then characterize this risk as an "extraordinary and compelling" justification for release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 (Doc. 51) and Supplemental Motion (Doc. 58) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 20, 2022**

**STACI M. YANDLE**
**United States District Judge**